UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:12-cr-00250-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| JOHNSON ET AL., | |
| Defendants. | |

This Order redacts from the attached letter the address and phone number that was under Gaye Welch-Brown's name on page two of the letter.

Dated: March 1, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

1

February 26, 2016

The Honorable Garland E. Burrell, Jr., Senior Judge
U.S. District Court, Eastern District of California
501 I. Street
Courtroom 10, 13th Floor
Sacramento, CA 95814

Matthew Morris
Assistant U.S. Attorney
U.S. Dept. of Justice
501 I. St., Suite 10-100
Sacramento, CA 95814

**FILED**

FEB 29 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Re: U.S. v. William L. Brown
    Case No. 2:12-cr-250

To Whom It May Concern:

　　　　The purpose of this letter is to offer due proof to the honorable court and the plaintiff's attorney that my son, defendant William L. Brown (born December 7, 1983), did not receive packages of DVDs from China, nor did he receive packages of DVDs from China *on behalf of* defendants Xavier Johnson and/or Kristen Caldwell, as alleged by the government.

　　　　Contrary to the government's claim, the subject packages from China were delivered to *my* home address (indicated below) as addressed in the name of my son; and I, the undersigned and the mother of William L. Brown, personally accepted delivery of the packages from the postal carrier. Further, I later learned, after the issuance of the indictment in the above-indicated case, that it was a common practice of Xavier Johnson and Kristen Caldwell to also involve other homeowners in their scheme by instructing the China sender how to address and where to send/deliver their packages.

　　　　Further, my son did not reside at his parent's residence (address indicated below) were the packages were then delivered, nor did he reside there any time thereafter or presently.

　　　　That Xavier Johnson would appear at my residence (address indicated below), ring the door bell and upon my opening the door, he asked if a package in William's name had been delivered; that I would invite him into the foyer of my residence (address indicated below) to retrieve the heavy, odd size box that the postal carrier had personally placed inside my home's foyer; and that similar looking packages/boxes have been delivered to my residence on multiple occasions.

　　　　That at no time did William take possession of the delivered boxes from China, nor at any time did I forward or re-deliver the boxes from China to my son, nor did he ever come to

1

visit his parents' home on any of the occasions when any of the boxes from China were "parked" in my foyer where the postal carrier had placed each.

That it was later that I learned from the two (2) U.S. agents — both appeared together at my residence (address indicated below) prior to the issuance of the indictment seeking the whereabouts of William — that those boxes from China delivered to my home contained counterfeit goods, which the agents identified as counterfeit DVDs.

As early as in 2012 and thereafter during subsequent meetings with my son's attorney, I have offered the foregoing facts and supporting evidence. Including, but not limited to, facts for which I have been exposed relevant to the underlying indictment; namely, the fact that Xavier Johnson has violated the court order of July 12, 2012 to stay away from my son.

I believe that the plaintiff's attorney should have inquired into and given me an opportunity to comment on the erroneous factual allegation, given that my son's attorney has promised to investigate (pretrial) possible defenses and seek an order by way of a dispositive motion to dismiss the indictment. My son's attorney has been paid a substantial sum of money to represent him in this matter, and it appears that I have been barred from offering the forgoing due proof.

All of the facts set forth above are of my own personal knowledge and, if called upon to testify, I could and would competently testify to the foregoing.

Respectfully submitted,

_____
Gaye Welch-Brown

cc.
William H. Du Bois (defendant William L. Brown's attorney)
Attorney at Law
5674 Stoneridge Dr., #201
Pleasanton, CA 94588